IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ALYSIA P. ANDERSON | § § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. |
| | § § | Complaint |
| | § | And |
| CONN'S APPLIANCES, INC. | § § § § § § | |
| Defendant | § § § § | Demand for Jury Trial |

# COMPLAINT

COMES NOW the Plaintiff, ALYSIA P. ANDERSON (hereafter the "Plaintiff) by Counsel, James Foley, and for her complaint against the Defendant, alleges as follows:

# PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act), Texas Finance Code 392 et seq (Texas Debt Collection Act), And Texas Business and Commerce Code Chapter 17 et seq (Texas Deceptive Trade Practices Act).

**JURISIDICTION AND VENUE**

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), and 28 U.S.C. §1331. The Court has supplemental Jurisdiction for any State Law Claims pursuant to 28 U.S.C. §1367.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred as well as a substantial part of the property that is subject to this action is located in this Judicial District.

**PARTIES**

4. Plaintiff is a natural person and is a resident and citizen of Rains County, the State of Texas, and United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and Texas Finance Code § 392.001(1).

5. Defendant Conn's Appliances, INC. (hereafter Conn's is a domestic For Profit Corporation registered to do business in Texas, and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Defendant is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers. Defendant is also a creditor as defined by Texas Finance Code § 392.001(3), and a debt collector as defined by Texas Finance Code § 392.001(7).

**FACTUAL ALLEGATIONS**

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. As of August 1, 2018 Plaintiff had two outstanding debts with Conn's Credit Corporation, Inc. (hereafter Conn's). These included account number ending in1071, hereinafter referred to as "1071" in the amount of $1,173.08 and the account number ending in "1072", in the amount of $1,458.46. These were the only two open trade lines or accounts that she had with Conn's. See the 2 pages marked as Exhibit A. These 2 amounts combined equal $2,631.54. On or about August 6, 2018, as part of a real estate transaction, both debts were in fact paid in full out of the proceeds of said real estate transaction, by a check from Capital Title of Texas, LLC, hereinafter referred to as "Capital." See the addendum to closing disclosure from Capital marked as Exhibit B, and a copy of the cancelled check from Capital to Conn's Credit in the amount of $2,631.54, marked as Exhibit C.   The check was deposited August 08, 2018. The debts in question were for consumer debts as defined by Texas Finance Code § 392.001(2) as it was for personal, family, or household purposes.

8. A short time later The Plaintiff reviewed her credit reports and noticed that the debt for 1071 in the amount of $1,173.08 to Conn's was listed as unpaid on each of her three credit reports. Throughout August and September, 2018 made multiple attempts to rectify the problem by communicating with Conn's. From August 10, 2018 through August 21, 2018 she received collection calls from representatives of Conn's. Each time she explained the paid status to the Conn's collection rep. Each rep entered notes in their record keeping system.

9. On August 21, 2018 Anderson visited the Conn's physical location, the store in Mesquite, Texas. There she met with a store representative named Miguel, who faxed that letter in to the accounting department. That letter is attached as Exhibit D.  Anderson

also sent an email to the help desk on August 24, 2018. It is attached as Exhibit E. She also Since then she again made multiple calls trying to correct the problem.  On September 20, 2018 she opened up a ticket with associate Alfred. That ticket was # 741-582.

10.  Sometime in late October or early November, 2018, Anderson initiated her own disputes with the each of the 3 major credit bureaus. The disputes with Equifax and Trans Union were initiated by and through Credit Karma. Plaintiff disputed Experian directly through their website. At no time has Conn's ever refunded the payment of $1,173.08 for account 1071 to either the Plaintiff or to Capital. Each of the 3 bureaus responded to the disputes claiming that the debt was valid.

11.  On or about May 1, 2019 Plaintiff, by and through her attorney of record sent a thorough and detailed written dispute letter to each of the (3) major credit bureaus, which included Experian, Equifax and Trans Union. These letters were drafted by the attorney, on attorney letterhead. The dispute letters included a copy of the initial emails from Conn's showing the balances due, the Addendum to closing disclosure, and a copy of the cancelled check from Capital (the documents attached exhibits A through C). Each letter was sent by Certified Mail/Return Receipt Requested. The dispute letters are attached as Exhibit F.

12.  On or about May 22, 2019 Experian responded to the dispute stating that after their reinvestigation that they would continue to report the Conn's tradeline for the 1071 account on the credit report as having a past due balance, not reflecting the $1,173.08 payment received August 2018. The report incorrectly showed a past due

balance of $2,352.  Upon information and belief, Experian is following instructions from Conn's. That response is attached as Exhibit G.

13.  On or about May 23, 2019 Equifax responded to the dispute stating that after their reinvestigation that there was an amount due on account 1071of $1,843.00 and that $996 was past due. There is no reflection of any payment received in August 2018. They did not correct or even delete the tradeline. Upon information and belief, Equifax is following instructions from Conn's. That response is attached as Exhibit H.

14.   On or about May 24, 2019 Trans Union responded to the dispute stating that after their reinvestigation that there was an amount due on account 1071 of $1,843.00 and $996 was past due. There is no reflection of what payment received in August 2018, but for some unknown reason but it appears more payments were received in September, October, and November, 2018. These payments were never made by Plaintiff as the account was already paid off. Upon information and belief, Trans Union is following instructions from Conn's. They did not correct or even delete the tradeline. That response is attached as Exhibit I.

15.  On or about June 13, 2019 Plaintiff, by and through her attorney of record, sent a second round of dispute letters to each of the (3) major credit bureaus, which included Experian, Equifax and Trans Union. These letters were drafted by the attorney, on attorney letterhead. The dispute letters included a statement to each bureau, informing them that Conns is an unreliable source of credit information, as well as, a copy of the initial emails from Conn's showing the balances due, the Addendum to closing disclosure, and a copy of the cancelled check from Capital. (the documents attached exhibits A through C). In addition, another email from Conn's detailing balances due was

included. See Ex H. Each letter was sent by Certified Mail/Return Receipt Requested. The Experian and Equifax dispute letters are attached as Exhibit J.

16. On or about July 4, 2019 Experian responded to the second dispute. Again they did not delete or correct the tradeline. They added more debt to account 405481071 saying that the balance due was now $2,345 and that $1145 was now past due. Again there is no acknowledgement of a payment received in August 2018. Upon information and belief, Experian is following instructions from Conn's. Experian's response is attached as Exhibit K.

17. On or about July 9, 2019 Trans Union responded to the second dispute. Again they did not delete or correct the tradeline. They instead sowed that account 1071 had been charged off with a balance due of $2,435.00 and a past due balance of $1,145.00. Again no reflection of the amount received on the account, but for some reason shows that more payments were received in September, October, and November 2018. These payments were never made by Plaintiff as the account was already paid off. Upon information and belief, Trans Union is blindly following instructions from Conn's. A copy of Trans Union's response is attached as Exhibit L.

18. On or about July 18, 2019 Equifax responded to the second dispute. Again they did not delete or correct the tradeline. They instead showed account 1071 had been charged off with a balance due of $2,435 and an amount past due of $1,145. Again, no reflection of a payment received in August 2018. Rather than conducting their own investigation, Equifax is blindly following instructions from Conn's. A copy of Equifax's response is attached as Exhibit M.

19. Conn's is refusing to credit account 1071 for the payoff balance of $1173.08 which was paid August 2018. They are inaccurately reporting the balance due to each of the credit bureaus. Not only this, but they have not refunded the money submitted for payment on that account to either Capital or Alysia Anderson.

20. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. This information was furnished by Conn's and reported by Experian and Equifax, misrepresenting the payment history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit report/credit profile, resulting in lowering Plaintiff's credit score, loss of creditworthiness, credit reputation and furthering Plaintiff's damages.

21. Because of the actions of Conn's, Plaintiff's credit score has been negatively affected.

22. Because of this, the Plaintiff has suffered damages and future damages that have yet to be determined.

23. Plaintiff's credit reports, credit information and credit file formulated by Experian, Equifax, and Trans Union have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by Conn's and reported by each bureau, damaged Plaintiff's credit rating and lending availability.

24. As a result of the Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

25. As a result of Defendants' conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

26. At all times pertinent hereto, Defendant Conn's was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of the Defendant Conn's, as well as that of their agents, servants and/or employees, demonstrated intentional and reckless disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. This suit is based upon the Defendants violation of the Fair Credit Reporting Act and the Texas Debt Collection Act. All causes of action were the producing causes of damages which Plaintiff suffered.

### *Conn's FCRA Violations*

30. Conn's violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiff's disputes and failed to delete or correct the inaccurate information. Plaintiff disputed her Conn's account with Equifax, Experian, and Trans Union a total of three times between October, 2018 and June, 2019. First Anderson initiated her own dispute. She disputed Equifax and Trans Union through Credit Karma, and with Experian on Experian.com in late October or early November 2018. Following instruction from Conn's, each bureau validated the debt. Later, by and through her

attorney of record, Anderson again disputed the alleged Conn's debt. Both disputes from Anderson's lawyer were made by detailed letters, which also included the required payoff amount and the cancelled checks. After receiving three total disputes from Experian, Equifax, and Trans Union, Conn's did not conduct a complete, accurate or reasonable investigation into the any of the disputes they received from Experian, Equifax, and Trans Union. Conn's should have discovered that the information they were reporting was inaccurate. For Conn's to be liable under 15 U.S.C. §1681, Plaintiff must dispute the account with Experian, Equifax, and Trans Union, the credit reporting bureaus then contacts Conn's regarding the dispute and Conn's must conduct a good faith and reasonable "investigation" as well and then provides Experian and Equifax with corrected credit data or delete the trade line. The credit data that Conn's is providing Experian, Equifax, and Trans Union is false, misleading and inaccurate and if Conn's would have conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

    31. If Conn's would have conducted a reasonable good faith investigation, they should have determined that they were providing the bureaus with inaccurate data. The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

> (1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
>> (A) conduct an investigation with respect to the disputed information:
>>
>> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

    (i) modify that item of information
    (ii) delete that item of information
    (iii) permanently block the reporting of that item of information

### *Conn's Texas Debt Collection Act violations*

32. Conn's violated it's duty under Texas Finance Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt. Anderson has paid all Conn's accounts in full, and Conn's has received and cashed the check from Capital Title. Conn's refuses to credit her account in full for payment due. Nor has Conn's refunded the check to either Anderson or Capital Title.

33. Conn's continues to report the alleged debt as past due to each of the three major credit reporting agencies Trans Union, Experian, and Equifax. Conn's has made numerous collection calls to Anderson, despite her repeated attempts to explain what is going on. Ultimately Anderson advised Conn's to stop calling her, yet they have done so repeatedly over the last 2 years.

34. The conduct of Conn's is a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff

and as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

35. As a result of Defendant's conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

36. As a result of Defendant's conduct, Plaintiff has suffered actual damages including credit denials, damage to credit reputation, and loss of credit worthiness, all to Plaintiff's great detriment and loss.

37. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

38. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

39. Pursuant to Tex. Fin. Code Ann. § 392.404, Plaintiff's violations of the Texas Debt Collection Act are also actionable under the DTPA.

## **DEMAND FOR JURY TRIAL**

40. Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants Equifax, Experian, and Trans Union, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1681

(b) Statutory damages pursuant to 15 U.S.C. §1681

(c) Punitive damages pursuant to 15 U.S.C. §1681

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, and §1681o.

(e) Actual damages pursuant to Texas Finance Code §392.403(2)(a)

(f) Injunctive relief under Texas Finance Code §392.403(1)

(g) Treble Damage under the Texas Deceptive Trade Practice Act Texas Business and Commerce Code §17.

(h) Costs and reasonable attorney's fees under Texas Finance Code §392.402(2)

(i) Such other and further relief as may be necessary, just and proper.

Dated: October 2, 2020

Respectfully submitted,

/s/James A. Foley
James A. Foley SBN 24055491
James Foley PLLC
4116 West Vickery Blvd., #103
Fort Worth, Texas 76107
(817) 738-1633
Fax (866) 512-5807
ATTORNEY FOR PLAINTIFF
ALYSIA ANDERSON

/s/ Dennis McCarty
Dennis McCarty
McCarty & Raburn, A Consumer Law Firm
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com

By: /s/ David Shuster
David Shuster SBN: 24037491
SHUSTER LAW, PLLC
860 Hebron Parkway, Suite 402
Lewisville, Texas 75057
Tel: 972.315.6222 / Fax 972.315.6223
david@shusterlawfirm.com
ATTORNEY FOR PLAINTIFF